STEVEN W. MYHRE
Acting United States Attorney
NANCY M. OLSON
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6100
Nancy.Olson@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br> vs.<br><br>KEITH LEARIE ALLEN,<br><br>  Defendant. | 2:14-cr-167-JCM-PAL<br><br>Government's Response to Defendant's Motion to Terminate Supervised Release Term [ECF No. 5] |

CERTIFICATION: This response is timely.

The United States of America, by STEVEN W. MYHRE, Acting United States Attorney, and through NANCY M. OLSON, Assistant United States Attorney, files this response to Defendant Keith Learie Allen's motion to terminate supervised release term. The government recommends that the Court deny Allen's motion without prejudice to renewal upon Allen's completion of half of his eight-year term of supervised release.

**I. BACKGROUND**

On October 16, 2007, a grand jury sitting in the Northern District of Ohio returned an indictment charging Allen with (1) conspiracy to possess with intent to distribute 500 grams or more of cocaine (21 U.S.C. § 846); (2) possession with intent to distribute approximately two kilos of cocaine (21 U.S.C. § 841(a)(1) and (b)(1)(B)); (3) possession of a firearm in furtherance

of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)); and (4) felon in possession of a firearm (18 U.S.C. §§ 922(g)(1) and 924(a)(2)) . *See* Northern District of Ohio Case No. 5:07-cr-00528-SL (*hereinafter cited as* "NDOH"), ECF No. 10. On December 6, 2007, Allen pleaded guilty to counts 2 and 3. NDOH ECF No. 28.

Because Allen had a prior drug trafficking conviction, count 2 carried a mandatory minimum of 10 years and a maximum term of life imprisonment. PSR ¶ 59. Count 3 carried a minimum sentence of 5 years, to be imposed consecutively to the term of imprisonment imposed on count two. PSR ¶ 60. Count 2 carried a *mandatory* supervised release term of at least eight years. PSR ¶ 64. Count 3 allowed for up to five years of supervised release to run concurrently. PSR ¶¶ 65, 66.

On February 21, 2008, the Court sentenced Allen to 68 months on count 2 and 34 months on count 3 to run consecutively, for a total of 102 months custody, to be followed by eight years of supervised release. NDOH ECF Nos. 43-45. Although the mandatory minimum consecutive term for both counts was a total of 180 months imprisonment, PSR ¶ 63, the government moved for a three-level reduction based on Allen's substantial assistance and the Norther District of Ohio Court granted the request. *See* NDOH ECF No. 58 at 2 (explaining sentencing computations).

Allen did not appeal his sentence. He did, however, file a motion to vacate his sentence under 28 U.S.C. § 2255, which the Northern District of Ohio Court denied on April 30, 2009. NDOH ECF Nos. 58-59.

Allen began supervision in Nevada on April 7, 2014. ECF No. 1. Because Allen planned to reside in the District of Nevada throughout his supervision, on May 6, 2014, Probation filed a formal request with the Court to transfer jurisdiction pursuant to 18 U.S.C. § 3605. *See id.* The Court accepted the transfer on May 13, 2014. ECF No. 2. During his period

of supervision, Probation has not documented any violations or sought to make any modifications to the terms of Allen's supervision.

On March 8, 2017, Allen filed a motion for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1) and Federal Rule of Criminal Procedure 32.1(c)(2)(C).[1] ECF No. 5. On March 15, 2017, the Court ordered the government to respond within 21 days. ECF No. 7.

## II. LEGAL FRAMEWORK

The Court may "terminate a term of supervised release and discharge the defendant . . . at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court "has discretionary authority to terminate a term of supervised release after the completion of one year, pursuant to 18 U.S.C. § 3583(e)(1), even if the defendant was sentenced to a mandatory term of supervised release under 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 3583(a)." *United States v. Spinelle*, 41 F.3d 1056, 1060–61 (6th Cir. 1994).

In making a termination decision, the Court must consider most of the 3553(a) factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed training, medical, or other treatment; (3) the kinds of sentences established in the Guidelines for this type of offense; (4) any Sentencing Commission pertinent policy statement; (5) the need to avoid unwarranted sentencing

---

[1] In his motion, Allen notes that he is not requesting a hearing. *Id.* at 1. The government agrees that this matter may be resolved without a hearing.

3

disparities; and (6) the need to provide restitution. 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

The Court should also consider the nine factors set forth in the Administrative Office of the U.S. Court's *Guide to Judiciary Policy*, Vol. 8, Part E, "Supervision of Federal Offenders" (Monograph 109) section 380.10 (2012) (*hereinafter* "Probation Monograph 109"). *See, generally*, *Hollingsworth v. Perry*, 558 U.S. 183 (2010) (policy conclusions of the Judicial Conference are not binding but "at the very least are entitled to respectful consideration"). These factors include: (1) stable community reintegration; (2) progressive strides toward supervision objectives and in compliance with all conditions of supervision; (3) no aggravated role in the offense of conviction, particularly large drug or fraud offenses; (4) no history of violence; (5) no recent arrests or convictions; (6) no recent evidence of alcohol or drug abuse; (7) no recent psychiatric episodes; (8) no identifiable risk to the safety of any identifiable victim; and (9) no identifiable risk to public safety based on the Risk Prediction Index. *Id.*

Similar to sentencing decisions, when deciding whether to grant a request for early termination of supervision, a district court must explain its decision. *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014). The Court's "explanation must be sufficiently detailed to permit 'meaningful' appellate review, and it must state the court's reasons for rejecting 'nonfrivolous' arguments." *Id.* The Court, however, "need not give an elaborate explanation of its reasons for accepting or rejecting [the] arguments, and it need not tick off each of the relevant § 3553(a) factors to show that it has considered them." *Id.* at 821-22 (internal quotation marks omitted). "The expansive phrases 'conduct of the defendant' and 'interest of justice' in section 3583(e)(1) make clear that a district court enjoys discretion to consider a wide range of circumstances when considering whether to grant early termination." *U.S.A. v. Hawatmeh*, No. LA CR 08-00385-VBF-3, 2014 WL 11970544, at *1 (C.D. Cal. Sept. 19, 2014) (some internal quotation

4

marks omitted).

Defendant carries the burden of demonstrating that "he is entitled to the rarely-granted remedy of early termination of supervised release." *United States v. Emmett*, 749 F.3d 817, 824 (9th Cir. 2014) (Nguyen, J., dissenting on other grounds); *see also United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). A defendant carries this burden by "showing that the balance of the applicable section 3553(a) factors has changed and now counsel[s] a shorter term of supervised release than those factors did at the time of sentencing." *United States v. Hawatmeh*, No. LA CR 08-00385-VBF-3, 2014 WL 11970544, at *5 (C.D. Cal. Sept. 19, 2014) (concluding "[a]s a matter of law . . . the defendant's compliance with the terms of supervised release alone cannot constitute a basis for terminating supervision early"). Courts "generally h[o]ld that something more than compliance with the terms of [supervision] is required to justify early termination [pursuant to 18 U.S.C. § 3583(e)(1)]. Early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior."[2] *Id.* at *5.

### III. ANALYSIS

The Court should deny Allen's motion for early termination because he has not carried his burden to demonstrate that the balance of the applicable 3553(a) factors has changed since the time of sentencing such that a shorter term of supervised release is now sufficient but no greater than necessary to serve the goals of sentencing. The government recommends that the Court deny the motion without prejudice to renewal after Allen has completed half of his eight-

---

[2] Allen contends that the Commentary to advisory Guideline § 5D1.2, encouraging courts "to exercise [early termination] authority in appropriate cases," U.S.S.G. § 5D1.2, cmt. app. n.5, somehow "nullifies" the "exceptional conduct" and "changed circumstances" standards frequently used by courts. Motion ¶¶ 10-11. This Application Note, however, neither effects the alleged nullification, nor could it. The Commentary merely encourages courts to consider whether early termination is warranted in appropriate cases (*e.g.*, where a defendant successfully completes drug treatment and becomes less of a risk to the public).

year supervised release term (*i.e.*, it may be renewed as early as April 2018 upon completing four years of supervision).

A.     3553(a) Factors

Although Allen's motion is articulate and demonstrates significant post-release accomplishments, he does not meaningfully address most of the 3553(a) factors. Notably, besides mentioning his convictions as part of the case history, Allen fails to discuss the nature and circumstances of the underlying offense and his own history. These are important factors, especially where the nature and circumstance of Allen's most recent cocaine trafficking conviction and his past conviction for drug trafficking are what triggered a mandatory eight-year term of supervised release in the first place.

In the underlying Northern District of Ohio case, Allen was involved in a drug transaction involving the intended sale of 2 kilograms of cocaine for $60,000. PSR ¶¶ 12, 15-16. Although Allen stated that he "was pressured by a friend to help him get some money," he acknowledged that, "in all reality it was a poor decision on my part to go through with [it]." PSR ¶ 21. Allen's decision to participate in this drug trafficking activity is particularly concerning where only two years before the indictment in this case he was convicted in state court of trafficking and sentenced to one year of custody. PSR ¶ 37. That prior conviction triggered a higher mandatory minimum on the underlying federal drug trafficking charge (10 years custody, 8 years supervised release). The corresponding 924(c) charge carried an additional 5-year mandatory minimum. To his credit, Allen provided substantial assistance to the government and received a correspondingly lower sentence. The seriousness of the offense and Allen's history with drug trafficking, however, cannot be overlooked.

Allen also does not discuss the need for the supervised release term to afford adequate deterrence or protect the public. At best, he hints that there is no need to protect the public

6

because he "pose[s] a very low likelihood to commit future crimes." Motion ¶ 14. The fact that his wife and daughter are his top priority, *id.*, suggests that focusing on his family would deter him from future crimes, but Allen does not really discuss this. Allen's citation to a study regarding the effect of early termination on recidivism rates is not particularly helpful without analysis of how it may apply here. As to pertinent policy statements, the Sentencing Commission encourages courts to consider early termination "in appropriate cases" such as where an offender abused drugs and then successfully completed treatment. U.S.S.G. § 5D1.2, cmt. app. n.5. In considering this motion, the Court is honoring this policy, but the policy statement alone does not alter the merits of the underlying motion for early termination.

Next, Allen does not discuss the kinds of sentences established in the Guidelines for this type of offense and the need to avoid unwarranted sentencing disparities. Allen's Guidelines provided for a sentencing range of 70-87 months (count 2) and a supervised release range of at least three years, or the minimum required by statute, whichever is greater. PSR ¶¶ 61, 67-68. In other words, the Guidelines support the mandatory term of supervision originally imposed.

Lastly, two of the 3553(a) factors appear to weigh in favor of Allen's requested early termination. First, Allen notes that he has no medical, educational, or other needs that "could be facilitated from further supervision," Motion ¶ 13, and the government has no reason to dispute this. Second, Allen correctly states that restitution was not ordered so there is no need to keep him on supervision for this purpose alone. Motion ¶ 13. Carrying his burden as to these factors, however, is insufficient where a full 3553(a) analysis is required. In this case, that analysis suggests that the nature and the circumstances of the offense and Allen's history, coupled with insufficient information regarding other factors, render the request for early termination premature.

\\\

B.     **Probation Monograph 109 Factors**

The government does not have any reason to question the facts presented by Allen regarding the 109 Factors. Probation has confirmed that Allen is currently under the lowest level of supervision and that Allen is not in violation of any terms of supervised release. Allen has demonstrated stable community reintegration, as evidence by his strong family support structure, Motion ¶ 20, his professional accomplishments, *id.* ¶ 21, and his efforts to give back to the community. *Id.* ¶ 22. Allen did not play an aggravated role in the underlying drug offense. *See* PSR ¶¶ 10-17. Allen does not have a history of violence, PSR ¶¶ 36-43, and he has not been arrested or convicted of anything following the underlying offense. The government does not have any information suggesting that Allen is abusing drugs or alcohol, and has no reason to question his statement that he has had no recent psychiatric episodes. Motion ¶¶ 23-24.  Allen's underlying offense did not have a victim. PSR ¶ 18. The government does not have any information to suggest that Allen is a current risk to public safety.[3]

Although Allen's progress on supervision is laudable, as discussed above in the 3553 analysis, the government believes his request for early termination—three years in to what was originally a mandatory eight-year term of supervised release—is premature. *See, e.g.*, *United States v. Rentas*, 573 F.Supp. 2d 801 (S.D.N.Y.2008) (in case involving conspiracy to distribute one kilogram or more of heroin, granting motion for early termination where defendant had already completed *three years and four months of five-year term* of supervision, and defendant had been steadily employed, was married to a steadily employed spouse, had not tested positively for drug use since release, and he had performed well on supervision); *United States v. King*, 551

---

[3] Neither Probation nor Allen have provided specific information regarding the Risk Prediction Index, however such information may not be necessary if the Court has other reliable information on which to rely regarding public safety.

8

F. Supp. 2d 1298 (D. Utah 2008) (in case involving possession of methamphetamine with intent to distribute, granting motion for early termination where defendant had served *over three years and two months out of a five-year term* of supervision, he actively participated in and successfully completed drug treatment, he was in full compliance with terms of supervision, including random drug testing, he had resumed parental responsibilities and disassociated from bad influences, and he maintained full-time employment).

Because Allen has not carried his burden to show that the 3553(a) factors and Monograph 109 factors collectively weigh in favor of early termination, the Court should deny the motion without prejudice to renewal after Allen has completed at least half of his supervised release term. Allen's charges initially carried a combined mandatory minimum of fifteen years, with the trafficking charge triggering a mandatory 8-year term of supervised release. At sentencing, Allen benefitted from providing substantial assistance to the government, and the Northern District of Ohio Court sentenced him to 102 rather than 180 months. If this Court applied a similar ratio to Allen's once-mandatory supervised release, he would need to complete about 56% of the eight-year term, *i.e.*, about 53 months. He has completed about thirty-six months. Although the government does not believe a hard and fast numerical approach should apply, this example is illustrative of the fact that Allen's motion is premature. Allen has demonstrated "compliance with release conditions, resumption of employment and engagement of family life" but those "are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate" at this time. *United States v. Flint*, No. 2:08-CR-00288-GEB, 2014 WL 3966299, at *2 (E.D. Cal. Aug. 13, 2014). Thus, the Court should deny the motion without prejudice at this time.

\\\

\\\

## IV. PROBATION'S POSITION

On March 30, 2017, the undersigned provided a draft copy of this response to Allen's Probation Officer, Tawni Salem. The government requested that Officer Salem respond with Probation's position on Allen's motion and the government's response. On the same date, Officer Salem notified the government via email that Probation agrees with the government's recommendation to deny the motion as premature.

## V. CONCLUSION

Based upon the above, this Court should deny Allen's motion without prejudice to renewal upon completion of at least four years of his eight-year term of supervised release.

DATED this 4th day of April, 2017.

Respectfully submitted,

STEVEN W. MYHRE
Acting United States Attorney

*s/ Nancy M. Olson*
NANCY M. OLSON
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2017, I electronically filed the foregoing Government's Response to Defendant's Motion to Terminate Supervised Release Term with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system. I certify that service will be accomplished by the CM/ECF system.

I further certify that on the same date a copy of the foregoing was mailed to Defendant at his address of record:

 Keith Learie Allen

 10644 Moss Lake Street

 Las Vegas, NV 89179

*s/ Nancy M. Olson*
NANCY M. OLSON
Assistant United States Attorney